**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Ohio**
(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Murray Metallurgical Coal Holdings, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **83-4194633** |

4. **Debtor's address**

**Principal place of business**

**46226 National Road**
Number      Street

**St. Clairsville, Ohio 43950**
City                          State      Zip Code

**Belmont County**
County

**Mailing address, if different from principal place of business**

Number                Street

P.O. Box

City                          State      Zip Code

**Location of principal assets, if different from principal place of business**

Number                Street

City                          State      Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.murrayenergycorp.com** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Murray Metallurgical Coal Holdings, LLC**
Name                                                        Case number *(if known)*

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2121 (Coal Mining)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                           MM/DD/YYYY

         District _____   When _____   Case number _____
                                           MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   **See Rider 1**                          Relationship   **Affiliate**

         District   **Southern District of Ohio**

         Case number, if known _____          When   **See Rider 1**
                                                               MM / DD / YYYY

---

| Debtor | **Murray Metallurgical Coal Holdings, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | Number | Street |
|---|---|---|

_____

| | City | | State | Zip Code |
|---|---|---|---|---|

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☒ | 200-999 | | | | |

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Debtor   **Murray Metallurgical Coal Holdings, LLC**
　　　　Name

Case number *(if known)*

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02/11/2020**
　　　　　　　　 MM/ DD / YYYY

✗ **/s/ Robert D. Moore**　　　　　　　　　　　　　**Robert D. Moore**
　 Signature of authorized representative of debtor　　Printed name

Title　**Authorized Signatory**

**18. Signature of attorney**

✗ **/s/ Thomas R. Allen**　　　　　　　　Date　**02/11/2020**
　 Signature of attorney for debtor　　　　　　　　MM/DD/YYYY

**Thomas R. Allen**

**Allen Stovall Neuman Fisher & Ashton**
Firm name

**17 South High Street, Suite 1220**
Number　　　　　　Street

**Columbus**　　　　　　　　　　**Ohio**　　**43215**
City　　　　　　　　　　　　　　State　　ZIP Code

**(614) 221-8500**　　　　　　　　**allen@asnfa.com**
Contact phone　　　　　　　　　　Email address

**0017513**　　　　　　　　　　**Ohio**
Bar number　　　　　　　　　　State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Ohio**

(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Ohio for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Murray Metallurgical Coal Holdings, LLC.

- Murray Metallurgical Coal Holdings, LLC

- Murray Eagle Mining, LLC

- Murray Alabama Coal, LLC

- Murray Alabama Minerals, LLC

- Murray Maple Eagle Coal, LLC

- Murray Oak Grove Coal, LLC

On October 29, 2019, each of the entities listed below filed a petition in the United States Bankruptcy Court for the Southern District of Ohio for relief under chapter 11 of title 11 of the United States Code.

| Case Number | Debtor Name |
|---|---|
| 19-56885 | Murray Energy Holdings Co. |
| 19-56886 | AMCA Coal Leasing, Inc. |
| 19-56889 | AmCoal Holdings, Inc. |
| 19-56893 | American Compliance Coal, Inc. |
| 19-56897 | American Energy Corporation |
| 19-56901 | American Equipment & Machine, Inc. |
| 19-56903 | American Mine Services, Inc. |
| 19-56907 | American Natural Gas, Inc. |
| 19-56912 | AmericanHocking Energy, Inc. |
| 19-56916 | AmericanMountaineer Energy, Inc. |
| 19-56920 | AmericanMountaineer Properties, Inc. |
| 19-56925 | Anchor Longwall And Rebuild, Inc. |
| 19-56929 | Andalex Resources Management, Inc. |
| 19-56932 | Andalex Resources, Inc. |
| 19-56940 | Belmont Coal, Inc. |
| 19-56945 | Belmont County Broadcast Studio, Inc. |
| 19-56949 | Canterbury Coal Company |
| 19-56953 | CCC Land Resources LLC |
| 19-56956 | CCC RCPC LLC |

| | |
|---|---|
| 19-56887 | Central Ohio Coal Company |
| 19-56890 | Coal Resources Holdings Co. |
| 19-56892 | Coal Resources, Inc. |
| 19-56894 | Consolidated Land Company |
| 19-56898 | Consolidation Coal Company |
| 19-56902 | Corporate Aviation Services, Inc. |
| 19-56904 | Eighty-Four Mining Company |
| 19-56908 | Empire Dock, Inc. |
| 19-56911 | Energy Resources, Inc. |
| 19-56915 | Energy Transportation, Inc. |
| 19-56919 | Genwal Resources, Inc. |
| 19-56922 | Kanawha Transportation Center, Inc. |
| 19-56926 | KenAmerican Resources, Inc. |
| 19-56930 | Keystone Coal Mining Corporation |
| 19-56935 | Maple Creek Mining, Inc. |
| 19-56938 | Maple Creek Processing, Inc. |
| 19-56942 | McElroy Coal Company |
| 19-56946 | Mill Creek Mining Company |
| 19-56948 | Mon River Towing, Inc. |
| 19-56952 | MonValley Transportation Center, Inc. |
| 19-56888 | Murray American Coal, Inc. |
| 19-56891 | Murray American Energy, Inc. |
| 19-56896 | Murray American Kentucky Towing, Inc. |
| 19-56900 | Murray American Minerals, Inc. |
| 19-56906 | Murray American Resources, Inc. |
| 19-56910 | Murray American River Towing, Inc. |
| 19-56914 | Murray American Transportation, Inc. |
| 19-56918 | Murray Colombian Resources, LLC |
| 19-56924 | Murray Equipment & Machine, Inc. |
| 19-56928 | Murray Kentucky Energy Services, Inc. |
| 19-56933 | Murray Kentucky Energy, Inc. |
| 19-56939 | Murray Keystone Processing, Inc. |
| 19-56944 | Murray South America, Inc. |
| 19-56950 | Murray Utah Energy Services, Inc. |
| 19-56955 | Ohio Energy Transportation, Inc. |
| 19-56958 | Ohio Valley Resources, Inc. |
| 19-56941 | The Ohio Valley Transloading Company |
| 19-56961 | OhioAmerican Energy, Incorporated |
| 19-56964 | Oneida Coal Company, Inc. |
| 19-56967 | PennAmerican Coal L.P. |
| 19-56970 | PennAmerican Coal, Inc. |
| 19-56973 | Pennsylvania Transloading, Inc. |
| 19-56975 | Pinski Corp. |
| 19-56978 | Pleasant Farms, Inc. |
| 19-56980 | Premium Coal, Inc. |
| 19-56974 | Southern Ohio Coal Company |
| 19-56976 | Spring Church Coal Company |
| 19-56977 | Sunburst Resources, Inc. |
| 19-56979 | T D K Coal Sales, Incorporated |
| 19-56895 | The American Coal Company |
| 19-56899 | The American Coal Sales Company |

| | |
|---|---|
| 19-56905 | The Franklin County Coal Company |
| 19-56909 | The Harrison County Coal Company |
| 19-56913 | The Marion County Coal Company |
| 19-56917 | The Marshall County Coal Company |
| 19-56921 | The Mclean County Coal Company |
| 19-56923 | The Meigs County Coal Company |
| 19-56927 | The Monongalia County Coal Company |
| 19-56931 | The Muhlenberg County Coal Company, LLC |
| 19-56934 | The Muskingum County Coal Company |
| 19-56937 | The Ohio County Coal Company |
| 19-56884 | The Ohio Valley Coal Company |
| 19-56943 | The Oklahoma Coal Company |
| 19-56947 | The Washington County Coal Company |
| 19-56951 | The Western Kentucky Coal Company, LLC |
| 19-56954 | Twin Rivers Towing Company |
| 19-56957 | UMCO Energy, Inc. |
| 19-56959 | UtahAmerican Energy, Inc. |
| 19-56960 | West Ridge Resources, Inc. |
| 19-56962 | West Virginia Resources, Inc. |
| 19-56963 | Western Kentucky Coal Resources, LLC |
| 19-56965 | Western Kentucky Consolidated Resources, LLC |
| 19-56966 | Western Kentucky Land Holding, LLC |
| 19-56968 | Western Kentucky Rail Loadout, LLC |
| 19-56969 | Western Kentucky Resources Financing, LLC |
| 19-56971 | Western Kentucky Resources, LLC |
| 19-56972 | Western Kentucky River Loadout, LLC |
| 19-56936 | Avonmore Rail Loading, Inc. |
| 19-56981 | Murray Global Commodities, Inc. |
| 19-57017 | Murray Energy Corporation |

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MURRAY METALLURGICAL COAL HOLDINGS, LLC, | Case No. 20-_____(\_\_\_) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS[2]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Murray Metallurgical Coal Holdings, LLC | Murray Metallurgical Coal Properties, LLC | 46226 National Road, St. Clairsville, Ohio 43950 | 79% |
| | Javelin Investment Holdings LLC | 3 Columbus Circle 15th Floor New York, New York 10019 | 21% |

---

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY METALLURGICAL COAL HOLDINGS, LLC, | ) | Case No. 20-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Murray Metallurgical Coal Properties, LLC | 79% |
| Javelin Investment Holdings LLC | 21% |

| Fill in this information to identify the case: |
|---|
| Debtor name:  Murray Metallurgical Coal Holdings, LLC, et al., |
| United States Bankruptcy Court for the: Southern District of Ohio |
| Case number (If known): _____ |

☐  Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts,  bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  if the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured claim |
| 1 | JOY GLOBAL ATTN: MATT KULASA VP, CORPORATE CONTROLLER & CAO 100 EAST WISCONSIN AVE SUITE 2780 MILWAUKEE, WI  53201-0551 UNITED STATES | MATT KULASA EMAIL - MKULASA@JOYGLOBAL.COM PHONE - 724-873-4337 FAX - 724-873-4309 | Trade Debt | | | | $  3,285,433.04 |
| 2 | JENNMAR CORPORATION ATTN: MICHAEL CALANDRA EXECUTIVE VICE PRESIDENT 258 KAPPA DR PITTSBURGH, PA  15238 UNITED STATES | MICHAEL CALANDRA EMAIL - MCALANDRA@JENNMAR.COM PHONE - 412-963-9071 FAX - 304-864-4169 | Trade Debt | | | | $  3,106,249.05 |
| 3 | C & A CUTTER HEAD, INC. ATTN: PAUL CAMBELL PRESIDENT 212 KENDALL AVENUE PO BOX 1488 CHILHOWIE, VA  24319 UNITED STATES | PAUL CAMBELL EMAIL - PCAMPBELL@LONGWALL.COM PHONE - 276-646-2004 FAX - 276-646-3999 | Trade Debt | | | | $  1,876,357.00 |
| 4 | ROCKWOOD CASUALTY INSURANCE ATTN: KURT TIPTON PRESIDENT 654 MAIN STREET ROCKWOOD, PA  15557 UNITED STATES | KURT TIPTON EMAIL - KURT.TIPTON@ROCKWOODCASUALTY.COM PHONE - 814-926-4661 FAX - 814-926-3249 | Trade Debt | | | | $  1,697,838.83 |
| 5 | UNITED CENTRAL IND. SUPPLY CO. LLC ATTN: HENRY LOONEY PRESIDENT 1241 VOLUNTEER PARKWAY SUITE 1000 BRISTOL, TN  37620 UNITED STATES | HENRY LOONEY EMAIL - HLOONEY@UNITEDCENTRAL.NET PHONE - 423-573-7300 FAX - 423-573-7297 | Trade Debt | | | | $  1,675,251.50 |
| 6 | STRATA PRODUCTS (USA) LLC ATTN: MIKE BERUBE PRESIDENT & CEO 8800 ROSWELL ROAD SUITE 145 SANDY SPRINGS, GA  30350 UNITED STATES | MIKE BERUBE EMAIL - MIKE.BERUBE@STRATAWORLDWIDE.COM PHONE - 740-695-6880 FAX - 276-991-1025 | Trade Debt | | | | $  1,336,741.37 |
| 7 | A & A RESOURCES  INC ATTN: LARRY ANDERSON PRESIDENT 126 LESTER DOSS RD WARRIOR, AL  35180 UNITED STATES | LARRY ANDERSON EMAIL - LARRYJR@AARESOURCE.COM PHONE - 205-590-4298 FAX - 205-590-2205 | Trade Debt | | | | $  1,306,773.35 |

[1] The Debtors reserve the right to asset setoff and other rights with respect to any of the claims listed herein.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured claim |
| 8  WPP LLC ATTN: DAVID HENSLEY NRP JCT. MEDCO LAND AND KY 192 PO BOX 2035 LONDON, KY  40743 UNITED STATES | DAVID HENSLEY EMAIL - DHENSLEY@WPPLP.COM PHONE - 606-878-1030 FAX - 606-878-1050 | Royalty Payable | | | | $  1,130,337.19 |
| 9  KELLEY BROTHERS CONTRACTORS, INC ATTN: JERRY KELLEY PRESIDENT 401 COUNTRY FARM RD WAYNESBORO, MS  39367 UNITED STATES | JERRY KELLEY EMAIL - PHONE - 601-735-2541 FAX - 601-735-2809 | Trade Debt | | | | $  954,250.90 |
| 10  TERRAPRO LLC 10745 HIGHWAY 78 JASPER, AL  35501 UNITED STATES | EMAIL - MICHELLE.TERRAPRO@GMAIL.COM PHONE - 205-265-3062 FAX - | Trade Debt | | | | $  900,376.00 |
| 11  R M WILSON CO ATTN: PAT POPICG PRESIDENT 3434 MARKET ST WHEELING, WV  26003 UNITED STATES | PAT POPICG EMAIL - INFO@RMWILSON.COM PHONE - 304-232-5860 FAX - 304-232-3642 | Trade Debt | | | | $  762,895.02 |
| 12  JEFFREY C HURT ATTN: JEFFERY C HURT 29425 CHAGRIN BLVD, SUITE 300 PEPPER PIKE, OH  44122 UNITED STATES | JEFFERY C HURT EMAIL - PHONE - 440-724-1616 FAX - 216-591-0079 | Trade Debt | | | | $  723,228.54 |
| 13  BAY POINT CAPITAL PARTNERS LP ATTN: JAMES KAUFFMANN MANAGER 3050 PEACHTREE RD NE STE 2 ATLANTA, GA  30305 | JAMES KAUFFMANN EMAIL - JIMKAUFFMANN@BAY-POINTADVISORS.COM PHONE - 678-525-1124 FAX - | Trade Debt | | | | $  703,000.00 |
| 14  THOMPSON TRACTOR COMPANY ATTN: BILL WARR REGION MANAGER 2401 PINSON HIGHWAY BIRMINGHAM, AL  35217 | BILL WARR EMAIL - BILLWARR@THOMPSONTRACTOR.COM PHONE - 205-849-4220 | Trade Debt | | | | $  677,539.01 |
| 15  DYSON CONVEYOR MAINTENCE INC ATTN: GINGER MILAM OWNER 1523 25TH AVENUE NORTH HUEYTOWN, AL  35023 UNITED STATES | GINGER MILAM EMAIL - PHONE - 205-491-2342 FAX - 205-491-2495 | Trade Debt | | | | $  640,174.43 |
| 16  MOTION INDUSTRIES, INC. ATTN: RANDY BREAUX PRESIDENT 1605 ALTON ROAD BIRMINGHAM, AL  35210 UNITED STATES | RANDY BREAUX EMAIL - RANDY.BREAUX@MOTIONINDUSTRIES.COM PHONE - 205-956-1122 FAX - 479-459-7630 | Trade Debt | | | | $  600,704.82 |
| 17  BAKER HUGHES OILFIELD OPERATIONS LLC ATTN: MARTIN CRAIGHEAD CHIEF EXECUTIVE OFFICER 17021 ALDINE WESFIELD ROAD HOUSTON, TX  77073 UNITED STATES | MARTIN CRAIGHEAD EMAIL - MARTIN.CRAIGHEAD@BAKERHUGHES.COM PHONE - 713-439-8600 FAX - | Trade Debt | | | | $  564,531.72 |

[1] The Debtors reserve the right to asset setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured claim |
| 18 | BIG M EXCAVATING INC ATTN: GREG MILLER PARTNER 10817 MIDDLE COALING ROAD COTTONDALE, AL  35453 UNITED STATES | GREG MILLER EMAIL - TONYA@BIGM.US.COM PHONE - 205-553-2690 FAX - 205-553-0911 | Trade Debt | | | | $   549,905.25 |
| 19 | WEST JEFFERSON MINERALS LP ATTN: L. WADE KEETON, PE MANAGER - LAND SERVICES PO BOX 1549 JASPER, AL  35501 UNITED STATES | L. WADE KEETON, PE EMAIL - WKEETON@DRUMMONDCO.COM PHONE - 205-384-2126 FAX - | Royalty Payable | | | | $   538,013.26 |
| 20 | PARDEE RESOURCES COMPANY ATTN: JEFFERY W. ALLEN SENIOR VICE PRESIDENT - ACQ., DEVELOPMENT, COAL & MINERALS 135 CORPORATE CENTER DRIVE SUITE 510 | JEFFERY W. ALLEN EMAIL - JWALLEN@PARDEE.COM PHONE - 304-760-7213 FAX - 304-760-7084 | Royalty Payable | | | | $   526,219.22 |
| 21 | AHR METALS INC ATTN: MARK RETTIG VICE PRESIDENT 20 DIVISION STREET BESSEMER  35020 UNITED STATES | MARK RETTIG EMAIL - MARKRETTIG@AHRMETALS.COM PHONE - 205-428-8888 FAX - 205-428-9983 | Trade Debt | | | | $   517,152.10 |
| 22 | RICHWOOD INDUSTRIES, INC. ATTN: KEVIN MALOY CHIEF OPERATING OFFICER 707 7TH STREET WEST HUNTINGTON, WV  25704 UNITED STATES | KEVIN MALOY EMAIL - KMALOY@RICHWOOD.COM PHONE - 304-525-5436 FAX - 304-525-8018 | Trade Debt | | | | $   509,049.06 |
| 23 | WC HYDRAULICS, LLC ATTN: HARRY E WRIGHT II PRESIDENT 172 PHILPOT LANE BEAVER, WV  25813 UNITED STATES | HARRY E WRIGHT II EMAIL -  INFO@WC-HYDRAULICS.COM PHONE - 304-255-2208 FAX - 304-255-2252 | Trade Debt | | | | $   493,095.98 |
| 24 | AMERICAN MINE POWER, INC. ATTN: FREDDIE D. BALL JR. PRESIDENT 584 RAGLAND ROAD BECKLEY, WV  25801 UNITED STATES | FREDDIE D. BALL JR. EMAIL - PHONE - 304-253-6374 FAX - 304-235-6378 | Trade Debt | | | | $   486,128.89 |
| 25 | GLOBAL MINE SERVICE, INC. ATTN: CRAIG WATSON PRESIDENT 207 MARINE ST BELLE VERNON, PA  15012 UNITED STATES | CRAIG WATSON EMAIL - CWATSON@GLOBALMINESERVICE.COM PHONE - 724-929-8700 FAX - 724-929-5252 | Trade Debt | | | | $   475,897.86 |
| 26 | J.H. FLETCHER & COMPANY ATTN: GREGORY HINSHAW CHIEF EXECUTIVE OFFICER 402 HIGH STREET HUNTINGTON  25705 UNITED STATES | GREGORY HINSHAW EMAIL - GHINSHAW@JHFLETCHER.COM PHONE - 304-525-7811 FAX - 304-525-3770 | Trade Debt | | | | $   469,012.63 |
| 27 | IDC INDUSTRIES, INC. ATTN: CHRIS MANSUR GENERAL COUNSEL 18901 15 MILE ROAD CLINTON TOWNSHIP, MI  48035 UNITED STATES | CHRIS MANSUR EMAIL - CHRIS.MANSUR@IDCIND.COM PHONE - 586-427-4321 FAX - 586-427-4322 | Trade Debt | | | | $   430,334.04 |

[1] The Debtors reserve the right to asset setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured claim |
| 28 | WHITE ARMATURE WORKS ATTN: JOHN WHITE III PRESIDENT 1150 HUFF CREEK HWY MALLORY, WV  25634 UNITED STATES | JOHN WHITE III EMAIL - JWHITE@WHITEARM.COM PHONE - 304-583-9681 FAX - 304-583-2972 | Trade Debt | | | | $      421,222.42 |
| 29 | RGGS LAND & MINERALS LTD., L.P. ATTN: BILL LAWRENCE REGIONAL MANAGER 2000 HIGHWAY 33 PELHAM, AL  35124 UNITED STATES | BILL LAWRENCE EMAIL - BLAWRENCE@SGINTERESTS.COM PHONE - 205-685-5329 FAX - 205-865-5330 | Royalty Payable | | | | Undetermined |
| 30 | UMWA HEALTH AND RETIREMENT FUNDS ATTN: DALE STOVER DIRECTOR OF FINANCE AND GENERAL SERVICES 2121 K STREET, SUITE 350 WASHINGTON, DC  20037 UNITED STATES | Dale Stover EMAIL - DSTOVER@UMWAFUNDS.ORG PHONE - 703-291-2463 FAX - | Medical Plan Costs and Adminstration Fees | | | | Undetermined |

[1] The Debtors reserve the right to asset setoff and other rights with respect to any of the claims listed herein.

Fill in this information to identify the case and this filing:

Debtor Name        Murray Metallurgical Coal Holdings, LLC

United States Bankruptcy Court for the:        **Southern District of Ohio**

(State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____        **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **02/11/2020** | ☒ */s/ Robert D. Moore* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Robert D. Moore** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

**Official Form 202**        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**EXECUTION VERSION**

## OMNIBUS WRITTEN CONSENT

## OF THE BOARD OF MANAGERS,
## MANAGING MEMBERS AND INDEPENDENT MANAGER

Dated as of February 11, 2020

The undersigned, being members of the board of managers, the board of directors, the sole director, the manager, the sole member, all the members, the managing member, all the managing members or Independent Manager, as applicable (each, a "Governing Body"), of the applicable entity set forth on **Exhibit A** attached hereto (each, a "Company," and, collectively, the "Companies"), hereby take, consent to and approve the following actions and adopt the following resolutions pursuant to (as applicable) the limited liability company agreement, operating agreement, bylaws, or similar document (in each case as amended or amended and restated) of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on **Exhibit A**:

**WHEREAS**, each Governing Body has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, the Companies and their advisors have negotiated that certain Restructuring Support Agreement, including the Restructuring Term Sheet contained therein (the "RSA"), a copy of which (or a form or draft of which) has been provided to each Governing Body, pursuant to which the Companies will pursue a consensual restructuring (the "Restructuring") with the support of certain major stakeholders;

**WHEREAS**, in furtherance of the Restructuring, and after extensive negotiations with each Restructuring Support Party (as defined in the RSA), the Companies and their advisors have negotiated with (i) MC Southwork, LLC and Murray Energy Corporation (the "Consenting Term Lenders") to provide a first-out senior secured debtor-in-possession term loan facility in an amount up to $30 million to the Companies (the "Senior DIP Facility"), and (ii) Murray Energy Corporation to provide a last-out senior secured debtor-in-possession term loan facility in an amount up to $20 million to the Companies (the "Junior DIP Facility" and, together with the Senior DIP Facility, the "DIP Facilities"), each of which would be used to fund the Companies' operations in the ordinary course, fund the administration of each Company's Chapter 11 Case (as defined herein) and to pay claims of certain vendors, employees and other stakeholders during each Company's Chapter 11 Case;

**WHEREAS**, reference is made to that certain Senior Debtor-In-Possession Financing Facility Term Sheet included in the RSA, which will be replaced by a Senior Debtor-In-Possession

Financing Facility Credit Agreement (together with all exhibits, schedules and annexes thereto, the "Senior DIP Credit Agreement"), among Murray Metallurgical Coal Holdings, LLC, as borrower (the "Borrower"), and a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, and all other direct and indirect domestic subsidiaries of the Borrower that are guarantors under the Take-Back Credit Agreement, as guarantors (together with the Borrower, the "Debtors"), the Consenting Term Lenders (collectively, the "Senior DIP Lenders"), and Wilmington Savings Fund Society, FSB, as administrative agent (the "Senior DIP Agent");

WHEREAS, reference is made to that certain Junior Debtor-In-Possession Financing Facility Term Sheet included in the RSA, which will be replaced by a Junior Debtor-In-Possession Financing Facility Credit Agreement (together with all exhibits, schedules and annexes thereto, the "Junior DIP Credit Agreement" and, together with the Senior DIP Credit Agreement, the "DIP Credit Agreements"), among the Borrower, as borrower, and a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, the Debtors, Murray Energy Corporation (the "Junior DIP Lender" and, together with the Senior DIP Lenders, the "DIP Lenders"), and Wilmington Savings Fund Society, FSB, as administrative agent (the "Junior DIP Agent" and, together with the Senior DIP Agent, the "DIP Agent");

WHEREAS, the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, each Company entering into the DIP Credit Agreements and satisfying certain conditions in the DIP Credit Agreements; and

WHEREAS, each Company will obtain benefits from the DIP Credit Agreements and it is advisable and in the best interest of each Company to enter into the DIP Credit Agreements and each other DIP Loan Document (as defined in each DIP Credit Agreement) and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets;

WHEREAS, in connection with the RSA, the Restructuring and DIP Facilities, the Restructuring Support Parties have also negotiated a new suite of agreements, copies of which (or forms or drafts of which) are included in the RSA, with Javelin Global Commodities (UK) LTD ("Javelin"), including without limitation an Amended and Restated Coal Marketing Agreement, a Second Amendment to Master Coal Purchase and Sale Agreement and Amended and Restated Prepaid Purchase Agreement Confirmation (collectively, the "Postpetition Javelin Agreements");

WHEREAS, the Restructuring Support Parties will obtain benefits from the Postpetition Javelin Agreements and it is advisable and in the best interest of the Restructuring Support Parties to enter into the Postpetition Javelin Agreements and to perform their obligations thereunder; and

WHEREAS, in connection with the RSA, and in furtherance of the Restructuring and DIP Facilities needed to support it, each Governing Body has determined that it is in the best interests of each Company for Murray Maple Eagle Coal, LLC ("Maple Eagle LLC") to enter into an Asset Purchase Agreement (the "Maple Eagle APA") with Panther Creek Mining, LLC ("Panther Creek"), a copy of which (or a form or draft of which) has been provided to each Governing Body, pursuant to which substantially all of the assets of Maple Eagle LLC will be sold to Panther Creek in connection with the Chapter 11 Case of Maple Eagle LLC and certain specified liabilities of Maple Eagle LLC will be assumed by Panther Creek.

**NOW, THEREFORE, BE IT,**

**CHAPTER 11 FILING**

**RESOLVED**, that, in the judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, any Senior Vice President, any Chief Legal Officer, or any other duly appointed officer of each Company, including, for the avoidance of doubt, Robert D. Moore (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, other motions, papers or documents, and to take any and all action that any of the Authorized Signatories deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**RETENTION OF PROFESSIONALS**

**RESOLVED**, that each of the Authorized Signatories be, and each of them hereby is, authorized and directed to employ the law firm of Proskauer Rose LLP ("Proskauer") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Proskauer;

**RESOLVED**, that each of the Authorized Signatories be, and each of them hereby is, authorized and directed to employ the law firm of Allen Stovall Neuman Fisher & Ashton ("Allen Stovall") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Allen Stovall;

**RESOLVED**, that each of the Authorized Signatories be, and each of them hereby is, authorized and directed to employ the firm Alvarez and Marsal L.L.C. ("A&M"), as financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code,

and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of A&M;

RESOLVED, that each of the Authorized Signatories be, and each of them hereby is, authorized and directed to employ the firm Evercore Group L.L.C. ("Evercore"), as investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Evercore;

RESOLVED, that each of the Authorized Signatories be, and each of them hereby is, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

RESOLVED, that the retention and the employment of Proskauer, Allen Stovall, A&M, Evercore and Prime Clerk, in connection with services rendered by them for each of the Companies prior to the filing of the Chapter 11 Cases be, and the same hereby are, in all respects, approved, confirmed and ratified as the true acts and deeds of each of the Companies;

RESOLVED, that each of the Authorized Signatories be, and each of them hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, including, but not limited to, other professionals to address any conflicts of interest that may arise in connection with the retention and employment of the general bankruptcy counsel, local bankruptcy counsel, financial advisor, or investment banker authorized herein; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Signatories be, and each of them hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that each of the Authorized Signatories deems necessary, proper or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## ENTRY INTO THE RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**, that in connection with the RSA, and in furtherance of the Restructuring and DIP Facilities needed to support it, each Governing Body has determined that it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to and directed to negotiate, finalize, execute, deliver and perform the RSA (in each case in the form approved by any Authorized Signatory, with such changes therein and additions thereto as any Authorized Signatory approves, such approval(s) to be conclusively evidenced by the taking of such action or by the execution and delivery thereof), and to facilitate the Companies' performance of all obligations under the RSA, including the negotiation of a Chapter 11 plan and a purchase agreement (for the sale of Oak Grove), together with all exhibits, schedules, attachments, and ancillary documents or agreements related to such documents, is, in all respects, approved and authorized (in each case in the form approved by any Authorized Signatory, with such changes therein and additions thereto as any Authorized Signatory approves, such approval(s) to be conclusively evidenced by the taking of such action or by the execution and delivery thereof).

## DEBTOR-IN-POSSESSION FINANCING

**RESOLVED**, that each Company will obtain benefits from the DIP Facilities and it is advisable and in the best interest of each Company to enter into the DIP Credit Agreements, each other DIP Loan Document and all other agreements and documents contemplated by the RSA (including the Restructuring Term Sheet, the Senior Debtor-In-Possession Financing Facility Term Sheet and the Junior Debtor-In-Possession Financing Facility Term Sheet contained therein), and to perform all obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED**, that each Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with, the DIP Facilities, including without limitation the DIP Credit Agreements, each other DIP Loan Document and all other agreements and documents contemplated by the RSA (including the Restructuring Term Sheet, the Senior Debtor-In-Possession Financing Facility Term Sheet and the Junior Debtor-In-Possession Financing Facility Term Sheet contained therein) be, and the same hereby are, in all respects, authorized and approved;

**RESOLVED**, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate and finalize the terms of and to execute, deliver and perform on the documents governing the DIP Facilities, including without limitation the DIP Credit Agreements, each other DIP Loan Document and all other agreements and documents contemplated by the RSA (including the Restructuring Term Sheet, the Senior Debtor-In-Possession Financing Facility Term Sheet and the Junior Debtor-In-Possession Financing Facility Term Sheet contained therein), as well as any and all other documents, certificates, instruments, financing statements or other filings with respect to collateral, agreements, intercreditor agreements, any amendment thereof or supplement thereto required or desirable to consummate any of the transactions contemplated by the DIP Facilities, including without limitation the DIP Credit Agreements, each other DIP Loan Document and all other agreements and documents contemplated by the RSA (including the Restructuring Term Sheet, the Senior Debtor-In-Possession Financing Facility Term Sheet and the Junior Debtor-In-Possession Financing Facility Term Sheet contained therein), in the name and on behalf of each Company, in

the form approved, with such changes therein and amendments thereof and supplements thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval(s) shall be conclusively evidenced by his or her execution thereof.  Such execution by any of the Authorized Signatories hereby is authorized to be by facsimile, engraved or printed as deemed necessary or preferable.

## ENTRY INTO THE POSTPETITION JAVELIN AGREEMENTS

**RESOLVED**, that, in the judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to and directed to negotiate, finalize, execute, deliver and perform the Postpetition Javelin Agreements, together with such other and further documents, certificates, instruments, financing statements or other filings with respect to collateral, agreements, intercreditor agreements, any amendment, or any other modification required to consummate the transactions contemplated by the Postpetition Javelin Agreements as may be reasonably necessary to accomplish the purposes thereof (in each case in the form approved by any Authorized Signatory, with such changes therein and additions thereto as any Authorized Signatory approves, such approval(s) to be conclusively evidenced by the taking of such action or by the execution and delivering thereof), and to facilitate the Companies' performance of all obligations under the Postpetition Javelin Agreements, including granting security interests in all or substantially all of its assets, is, in all respects, approved and authorized (in each case in the form approved by any Authorized Signatory, with such changes therein and additions thereto as any Authorized Signatory approves, such approval(s) to be conclusively evidenced by the taking of such action or by the execution and delivering thereof).

## SALE OF MAPLE EAGLE LLC ASSETS

**RESOLVED**, that, in the judgment of each Governing Body, it is desirable and in the best interests of each Company that (a) Maple Eagle LLC sell substantially all of its assets pursuant to the Maple Eagle APA and any and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto, and (b) such sale of assets be. and the same hereby is, in all respects, approved and authorized; and

**RESOLVED**, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered and directed to negotiate and finalize the terms of and to execute, deliver and perform the Maple Eagle APA, as well as any and all exhibits, schedules, attachments and ancillary documents, instruments or agreements related thereto, in the name and on behalf of each Company, in the form approved, with such changes therein and amendments thereof and supplements thereto, as any of the Authorized Signatories may in his or her sole discretion approve, which approval(s) shall be conclusively evidenced by his or her execution thereof.  Such execution by any of the Authorized Signatories hereby is authorized to be by facsimile, engraved or printed as deemed necessary or preferable.

## OUTSIDE MANAGER

**RESOLVED**, that, to the fullest extent permitted by applicable law and by the limited liability company agreement, as may be amended from time to time, of Holdings and each of the

6

other Companies, the Governing Body of Holdings and each of the other Companies hereby delegates to the Outside Manager (as such term is defined in Holdings' limited liability company agreement, as may be amended from time to time) the authority to review, resolve and act upon any matters pertaining to the Chapter 11 Case in which either: (a) an actual conflict or controversy exists between Holdings or any of the other Companies, on the one hand, and one or more of the members, managers, directors, officers or affiliates of any of the Companies or any affiliate of any of the Companies, on the other hand; or (b) the Governing Body, after consultation with counsel, determines that a conflict or controversy may exist and should be determined by the Outside Manager (the "Conflict Matters");

RESOLVED, that with respect to the Conflict Matters, to the fullest extent permitted by applicable law and by the limited liability company agreement, as may be amended from time to time, of Holdings and each of the other Companies, the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered and directed to take any and all action that they deem necessary, proper or advisable consistent with this written consent, including (i) furnishing to the Outside Manager all information as the Outside Manager may request in a manner that shall not effect a waiver of any applicable privilege, and (ii) cooperating with the Outside Manager in all respects;

RESOLVED, that, to the fullest extent permitted by applicable law and by the limited liability company agreement, as may be amended from time to time, of Holdings and each of the other Companies, the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby is, authorized, empowered and directed to effectuate and implement any decision to be made by the Outside Manager in respect of a Conflict Matter on behalf of Holdings or any of the other Companies as directed by the Outside Manager, provided that the Outside Manager retains the right to effectuate and implement any such decision on behalf of Holdings or any of the other Companies; and

RESOLVED, that, to the fullest extent permitted by applicable law and by the limited liability company agreement, as may be amended from time to time, of Holdings and each of the other Companies, the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered and directed to take any and all action that he or she deems necessary or proper to assist the Outside Manager in carrying out his duties hereunder, in each case as requested by and under the direction of the Outside Manager.

## GENERAL

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and each of them hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, amendments, supplements and other documents and to pay all fees and expenses, including, but not limited to, filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice;

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts, actions and transactions were taken before the adoption of these resolutions, be, and each of them hereby is, in all respects, approved, confirmed  and ratified as the true acts and deeds of each Company with the same force and effect as if each such acts, actions and transactions had been specifically authorized in advance by resolution of each Governing Body; and

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and each of them hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to any of the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

[Signature Pages to Follow]

8

IN WITNESS WHEREOF, the undersigned represent that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
Robert E. Murray, Manager

_____
Robert D. Moore, Manager

_____
Peter Bradley, Manager

_____
Charles H. Cremens, Outside Manager

_____
Steven P. Zimmer, Independent Manager

Being all the Managers and the Independent Manager (as such terms are defined in the limited liability company agreement of Murray Metallurgical Coal Holdings, LLC, as amended through the date above first written) of   Murray Metallurgical Coal Holdings, LLC

IN WITNESS WHEREOF, the undersigned represent that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
Robert E. Murray, Manager


_____
Robert D. Moore, Manager


_____
Peter Bradley, Manager


_____
Charles H. Cremens, Outside Manager


_____
Steven P. Zimmer, Independent Manager


Being all the Managers and the Independent Manager (as such terms are defined in the limited liability company agreement of Murray Metallurgical Coal Holdings, LLC, as amended through the date above first written) of   Murray Metallurgical Coal Holdings, LLC

IN WITNESS WHEREOF, the undersigned represent that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
Robert E. Murray, Manager

_____
Robert D. Moore, Manager

_____
Peter Bradley, Manager

_____
Charles H. Cremens, Outside Manager

_____
Steven P. Zimmer, Independent Manager

Being all the Managers and the Independent Manager (as such terms are defined in the limited liability company agreement of Murray Metallurgical Coal Holdings, LLC, as amended through the date above first written) of  Murray Metallurgical Coal Holdings, LLC

IN WITNESS WHEREOF, the undersigned represent that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
Robert E. Murray, Manager


_____
Robert D. Moore, Manager


_____
Peter Bradley, Manager


_____
Charles H. Cremens, Outside Manager

_____
Steven P. Zimmer, Independent Manager


Being all the Managers and the Independent Manager (as such terms are defined in the limited liability company agreement of Murray Metallurgical Coal Holdings, LLC, as amended through the date above first written) of  Murray Metallurgical Coal Holdings, LLC

113033130v17

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

**Murray Eagle Mining, LLC**
**Murray Alabama Coal, LLC**

By:  *Murray Metallurgical Coal Holdings, LLC*, a Delaware limited liability company, as sole Managing Member (as such term is defined in the limited liability company agreement of Murray Eagle Mining, LLC or Murray Alabama Coal, LLC, as the same may be amended through the date first above written, as applicable)

By:  _____
      Robert E. Murray
      President

_____
*Steven P. Zimmer*, Independent Manager (as such term is defined in the limited liability company agreement of Murray Eagle Mining, LLC or Murray Alabama Coal, LLC, as the same may be amended through the date first above written, as applicable)

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

**Murray Eagle Mining, LLC**
**Murray Alabama Coal, LLC**

By: *Murray Metallurgical Coal Holdings, LLC*, a Delaware limited liability company, as sole Managing Member (as such term is defined in the limited liability company agreement of Murray Eagle Mining, LLC or Murray Alabama Coal, LLC, as the same may be amended through the date first above written, as applicable)

By: _____
Robert E. Murray
President

*Steven P. Zimmer*, Independent Manager (as such term is defined in the limited liability company agreement of Murray Eagle Mining, LLC or Murray Alabama Coal, LLC, as the same may be amended through the date first above written, as applicable)

IN WITNESS WHEREOF, the undersigned represent that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

**Murray Alabama Minerals, LLC**
**Murray Maple Eagle Coal, LLC**

By: *Murray Eagle Mining, LLC,* a Delaware limited liability company, as sole Managing Member (as such term is defined in the limited liability company agreement of Murray Alabama Minerals, LLC or Murray Maple Eagle Coal, LLC, as the same may be amended through the date first above written, as applicable)

By: _____
Robert E. Murray
President

_____
*Steven P. Zimmer*, Independent Manager (as such term is defined in the limited liability *company* agreement of Murray Alabama Minerals, LLC or Murray Maple Eagle Coal, LLC, as the same may be amended through the date first above written, as applicable)

IN WITNESS WHEREOF, the undersigned represent that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

**Murray Alabama Minerals, LLC**
**Murray Maple Eagle Coal, LLC**

By: *Murray Eagle Mining, LLC*, a Delaware limited liability company, as sole Managing Member (as such term is defined in the limited liability company agreement of Murray Alabama Minerals, LLC or Murray Maple Eagle Coal, LLC, as the same may be amended through the date first above written, as applicable)

By: _____
Robert E. Murray
President

_____
*Steven P. Zimmer*, Independent Manager (as such term is defined in the limited liability *company* agreement of Murray Alabama Minerals, LLC or Murray Maple Eagle Coal, LLC, as the same may be amended through the date first above written, as applicable)

IN WITNESS WHEREOF, the undersigned represent that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

**Murray Oak Grove Coal, LLC**

By: *Murray Alabama Coal, LLC*, a Delaware limited liability company, as sole Managing Member (as such term is defined in the limited liability company agreement of Murray Oak Grove Coal, LLC, as the same may be amended through the date first above written)

By: _____
        Paul B. Piccolini
        President

_____
*Steven P. Zimmer*, Independent Manager (as such term is defined in the limited liability company agreement of Murray Oak Grove Coal, LLC, as the same may be amended through the date first above written)

IN WITNESS WHEREOF, the undersigned represent that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

**Murray Oak Grove Coal, LLC**

By: *Murray Alabama Coal, LLC*, a Delaware limited liability company, as sole Managing Member (as such term is defined in the limited liability company agreement of Murray Oak Grove Coal, LLC, as the same may be amended through the date first above written)

By: _____
      Paul B. Piccolini
      President

*Steven P. Zimmer*, Independent Manager (as such term is defined in the limited liability company agreement of Murray Oak Grove Coal, LLC, as the same may be amended through the date first above written)

**Exhibit A**

| Company | Jurisdiction |
|---|---|
| Murray Alabama Coal, LLC | Delaware |
| Murray Alabama Minerals, LLC | Delaware |
| Murray Eagle Mining, LLC | Delaware |
| Murray Maple Eagle Coal, LLC | Delaware |
| Murray Metallurgical Coal Holdings, LLC | Delaware |
| Murray Oak Grove Coal, LLC | Delaware |