**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MURRAY METALLURGICAL COAL HOLDINGS, LLC, | ) ) ) | Case No. 20-10390 (JEH) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-4194633 | ) ) | |
| In re: | ) ) | Chapter 11 |
| MURRAY EAGLE MINING, LLC, | ) ) ) | Case No. 20-10391 (JEH) |
| Debtor. | ) ) ) | |
| Tax I.D. 83-4194268 | ) ) | |
| In re: | ) ) | Chapter 11 |
| MURRAY ALABAMA MINERALS, LLC, | ) ) ) | Case No. 20-10392 (JEH) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-1494047 | ) ) | |
| In re: | ) ) | Chapter 11 |
| MURRAY ALABAMA COAL, LLC, | ) ) ) | Case No. 20-10393 (JEH) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-4193838 | ) ) | |
| In re: | ) ) | Chapter 11 |
| MURRAY MAPLE EAGLE COAL, LLC, | ) ) ) | Case No. 20-10394 (JEH) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-4194435 | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY OAK GROVE COAL, LLC, | ) | Case No. 20-10395 (JEH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4194878 | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Murray Metallurgical Coal Holdings, LLC ("Met Holdings") together with its debtor subsidiaries (collectively, the "Debtors") respectfully state as follows in support of this motion:[1]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Murray Metallurgical Coal Holdings, LLC (the parent company for each of the remaining Debtors) and that the cases be administered under a consolidated caption, as follows:

---

[1] The facts and circumstances supporting this application are set forth in the *Declaration of Robert D. Moore in Support of Chapter 11 Petitions* (the "Moore Declaration") and *Declaration of Amy Lee, Senior Director of Alvarez & Marsal North America, LLC, in Support of First Day Motions* filed contemporaneously herewith and incorporated by reference herein (collectively, the "First Day Declarations"). Capitalized terms used but not otherwise defined herein have the meanings given to them in the First Day Declarations.

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MURRAY METALLURGICAL COAL | ) Case No. 20-10390 |
| HOLDINGS, LLC, *et al.*,[1] | ) |
| | ) Judge John E. Hoffman, Jr. |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Murray Metallurgical Coal Holdings, LLC (4633); Murray Eagle Mining, LLC (4268); Murray Alabama Minerals, LLC (4047); Murray Alabama Coal, LLC (3838); Murray Maple Eagle Coal, LLC (4435); and Murray Oak Grove Coal, LLC (4878). The Debtors' primary business address is 46226 National Road, St. Clairsville, OH 43950.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Murray Metallurgical Coal Holdings, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Murray Metallurgical Coal Holdings, LLC, Case No. 20-10390 (JEH); Murray Eagle Mining, LLC, Case No. 20-10391 (JEH); Murray Alabama Minerals, LLC, Case No. 20-10392 (JEH); Murray Alabama Coal, LLC, Case No. 20-10393 (JEH); Murray Maple Eagle Coal, LLC, Case No. 20-10394 (JEH); and Murray Oak Grove Coal, LLC, Case No. 20-10395 (JEH). The docket in Case No. 20-10390 should be consulted for all matters affecting this case.

4. The Debtors also seek authority to fulfill their monthly operating report requirements required by the *Chapter 11 Operating Instructions and Reporting Requirements*, issued by the United States Trustee for Region 9 (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

5. The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-3* from the United States Bankruptcy Court for the Southern District of Ohio, dated December 4, 2019 (the "General Order"). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Ohio (the "Local Rules"), and the General Order.

## Background

8. The Debtors are engaged in the mining and production of metallurgical coal. Unlike thermal coal, which is primarily used by the electric utility industry to generate electricity, metallurgical coal is used to produce coke, which is an integral component of steel production.

4

9. The Debtors primarily own and operate two active coal mining complexes and other assets in Alabama and West Virginia. The larger of the two mining complexes, the Oak Grove Mine ("Oak Grove"), is an underground longwall mine located in Alabama. The other mining complex, known as the Maple Eagle No. 1 Mine ("Maple Eagle" and together with Oak Grove, the "Mining Complexes"), is an underground continuous mining and surface mining complex located in West Virginia.[2] To preserve liquidity, the Maple Eagle mine has been in a "hot idle"[3] state since September. The Oak Grove mine has been in a "hot idle" state since November. The Debtors have been engaged in a marketing process to sell Maple Eagle for several months.

10. Each of the Debtors is an unrestricted subsidiary of Murray Energy Corporation ("Murray Energy"), which, along with Javelin Investment Holdings LLC ("Javelin"), acquired the mines and other assets of the Debtors from Mission Coal Company, LLC ("Mission") in April 2019 (the "Met Acquisition"). At the time of the Met Acquisition, Mission was a debtor in its own chapter 11 cases pending in the United States Bankruptcy Court for the Northern District of Alabama.[4]

11. In connection with the Met Acquisition, on April 29, 2019, Met Holdings entered into a credit agreement (the "Take-Back Credit Agreement"), which governs, among other things, a secured term credit facility (the "Take-Back Facility") among Met Holdings, as borrower, its subsidiaries (the "Met Subs"), as guarantors, Wilmington Savings Fund Society, FSB, as administrative agent, and any additional lenders from time to time party thereto. The

---

[2] The Debtors own a third mine, known as the North River Mine, in Alabama, which is not currently being operated.
[3] A mine that is in a "hot idle" state means that it is being temporarily idled and maintained in anticipation of returning to operation in the near future.
[4] The Mission bankruptcy cases are still pending.

Take-Back Facility matures on April 29, 2023, and is secured by substantially all of the Debtors' assets.

13. In addition, on April 29, 2019, Met Holdings entered into a Management Services Agreement (the "Management Services Agreement") with Murray Energy pursuant to which Murray Energy manages, administers, and oversees all aspects of the operation of the Mining Complexes, including without limitation, the day-to-day operation, maintenance, and business of the Mining Complexes.

13. Approximately six months after the Met Acquisition, on October 29, 2019, Murray Energy and its affiliated debtors and debtors in possession (the "MEC Debtors") filed voluntary chapter 11 petitions in the Bankruptcy Court for the Southern District of Ohio (the "MEC Chapter 11 Cases"). The MEC Chapter 11 Cases are being jointly administered under Case No. 19-56885. Significantly, none of the Debtors are debtors in the MEC Chapter 11 Cases.

14. There are a number of differences between these chapter 11 cases and the MEC Chapter 11 Cases, which warrant keeping them separated from the MEC Chapter 11 Cases, including: (i) none of the Debtors are borrowers or guarantors on the debtor in possession financing obligations in the MEC Chapter 11 Cases; (ii) the Debtors are primarily engaged in mining, extraction, and processing of metallurgical coal, whereas the MEC Debtors are primarily engaged in the mining, extraction, and processing of thermal coal, and each of these commodities is subject to different market pressures; (iii) the lenders to the Debtors under the Take-Back Facility are different from the lenders to the MEC Debtors; and (iv) as a result of the Take-Back Facility and other claims against the assets of the Debtors (including obligations to Javelin Global Commodities (UK) LTD ("Javelin Global")), there was perceived to be little to no

6

equity value in the Debtors that would flow up to the MEC Debtors, although there was a belief that the Debtors could survive as a going concern without the need for a chapter 11 filing.

15.     Commencing on February 11, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Also on the Petition Date, the Debtors elected to be treated as Complex Chapter 11 Cases, and a notice of election of Complex Chapter 11 Case treatment is being filed concurrently with this motion in the lead case.

16.     The Debtors commenced these chapter 11 cases after extensive negotiations with their major stakeholders concerning a global resolution to the Debtors' financial difficulties. In an effort to ensure that value is maximized for all stakeholders and that the Debtors' remediation obligations are honored at each of their Mining Complexes, these chapter 11 cases have been commenced with a three-pronged strategy that has the support of the Take-Back Facility lenders, Javelin, Javelin Global, and Murray Energy. First, the Debtors intend to facilitate the consensual sale of substantially all of the assets of Maple Eagle pursuant to Bankruptcy Code section 363. Second, the Debtors intend to effectuate a reorganization of their remaining operations, which is premised on the continued and future operation of the Oak Grove mining complex, through a sale of Oak Grove pursuant to a plan. And third, the Debtors intend to ensure that they can continue to comply with their reclamation obligations at the North River mining complex. These three elements have been memorialized in a Restructuring Support Agreement among Met Holdings, Murray Energy, the Take-Back Facility lenders, and Javelin Global, all as more fully set forth in the Moore Declaration.

17. As of the Petition Date, the Debtors have approximately $270 million in debt and liabilities, including but not limited to approximately $169 million related to the Take-Back Facility, approximately $21.5 million under an emergency bridge financing facility,[5] approximately $23.5 million owed to Javelin Global under certain of the Javelin Agreements, and approximately $12.7 million in intercompany liabilities owed to Murray Energy and other affiliates. In addition, the Debtors have approximately $43 million in outstanding trade payables.

## Basis for Relief

18. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

19. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) Bankr. S.D. Ohio Nov. 1, 2019) (directing joint administration of chapter 11 cases); *In re Milacron Inc., a Delaware corporation*, No. 09-11235 (JVA) (Bankr. S.D. Ohio Mar. 12, 2009) (same); *In re FirstEnergy Solutions Corp.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio Apr. 3, 2018) (same); *In re SCI Direct, LLC*, No. 17-61735 (AMK) (Bankr. N.D. Ohio Aug. 11, 2017) (same); *In re Curae Health, Inc.*,

---

[5] This facility is documented by amendments to the Take-Back Facility.

No. 18-05665 (CMW) (Bankr. M.D. Tenn. Aug. 29, 2018) (same); *In re Auto Masters, LLC*, No. 17-7036 (CMW) (Bankr. M.D. Tenn. Oct. 19, 2017) (same).[2]

20. Given the integrated nature of the Debtors' operations, and that all of the Debtors are liable for the Debtors' funded debt obligations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

21. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Motion Practice

22. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

## Notice

23. The Debtors have provided notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee for the Southern District of Ohio; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Take-Back Facility; (d) Javelin Investment Holdings LLC; (e) counsel to the Ad Hoc Group of Prepetition Term Loan Lenders; (f) the administrative agent under the Debtors' proposed debtor-in-possession financing facility; (g) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors operate; (h) the offices of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the Southern District of Ohio; (j) the Internal Revenue Service; (k) the Pension Benefit Guaranty Corporation; (l) the United Mine Workers of America; (m) counsel to each of the lenders of the Debtors' proposed debtor-in-possession financing facility; (n) Murray Energy; (o) Javelin Global; (p) all taxing authorities; (q) all mechanic's lien claimants; (r) all lessors; and (s) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 12, 2020
Columbus, Ohio

/s/ Thomas R. Allen

| | |
|---|---|
| Thomas R. Allen (0017513) | David M. Hillman (*pro hac vice* pending) |
| Richard K. Stovall (0029978) | Timothy Q. Karcher (*pro hac vice* pending) |
| James A. Coutinho (0082430) | Chris Theodoridis (*pro hac vice* pending) |
| Matthew M. Zofchak (0096279) | |
| **Allen Stovall Neuman Fisher & Ashton** | **PROSKAUER ROSE LLP** |
| 17 South High Street, Suite 1220 | Eleven Times Square |
| Columbus, Ohio 43215 | New York, New York 10036 |
| Telephone: (614) 221-8500 | Telephone: (212) 969-3000 |
| Facsimile: (614) 221-5988 | Facsimile: (212) 969-2900 |
| Email: allen@asnfa.com | Email: dhillman@proskauer.com |
| stovall@asnfa.com | tkarcher@proskauer.com |
| coutinho@asnfa.com | ctheodoridis@proskauer.com |
| zofchak@asnfa.com | |

*Proposed Counsel to the Debtors and Debtors in Possession*

- and -

Charles A. Dale (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
One International Place
Boston, Massachusetts 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
Email: cdale@proskauer.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY METALLURGICAL COAL HOLDINGS, LLC, | ) ) | Case No. 20-10390 (JEH) |
| Debtor. | ) ) | |
| Tax I.D. No. 83-4194633 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY EAGLE MINING, LLC, | ) ) | Case No. 20-10391 (JEH) |
| Debtor. | ) ) | |
| Tax I.D. 83-4194268 | ) ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY ALABAMA MINERALS, LLC, | ) ) | Case No. 20-10392 (JEH) |
| Debtor. | ) ) | |
| Tax I.D. No. 83-1494047 | ) ) | |

1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY ALABAMA COAL, LLC, | ) | Case No. 20-10393 (JEH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4193838 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY MAPLE EAGLE COAL, LLC, | ) | Case No. 20-10394 (JEH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4194435 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY OAK GROVE COAL, LLC, | ) | Case No. 20-10395 (JEH) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4194878 | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF [RELATED TO DOCKET NO \_\_\_\_\_]**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and, (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-3* from the United States Bankruptcy Court for the Southern District of Ohio, dated December 4, 2019, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

2

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-10390 (JEH).

3. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY METALLURGICAL COAL HOLDINGS, LLC, *et al.*,[1] | ) ) | Case No. 20-10390 |
| | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Murray Metallurgical Coal Holdings, LLC (4633); Murray Eagle Mining, LLC (4268); Murray Alabama Minerals, LLC (4047); Murray Alabama Coal, LLC (3838); Murray Maple Eagle Coal, LLC (4435); and Murray Oak Grove Coal, LLC (4878). The Debtors' primary business address is 46226 National Road, St. Clairsville, OH 43950.

3

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Murray Metallurgical Coal Holdings, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Murray Metallurgical Coal Holdings, LLC, Case No. 20-10390 (JEH); Murray Eagle Mining, LLC, Case No. 20-10391 (JEH); Murray Alabama Minerals, LLC, Case No. 20-10392 (JEH); Murray Alabama Coal, LLC, Case No. 20-10393 (JEH); Murray Maple Eagle Coal, LLC, Case No. 20-10394 (JEH); and Murray Oak Grove Coal, LLC, Case No. 20-10395 (JEH). The docket in Case No. 20-10390 should be consulted for all matters affecting this case.

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7. The Debtors may file their monthly operating reports required by the *Chapter 11 Operating Instructions and Reporting Requirements*, issued by the United States Trustee for Region 9, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

5

9. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

Copies to Default List.