## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MURRAY METALLURGICAL COAL | ) | Case No. 20-10390 (JEH) |
| HOLDINGS, LLC, *et al.*,[1] | ) |  |
|  | ) | Judge John E. Hoffman, Jr. |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR AND (B) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR THE DEBTORS' EMPLOYEES, (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER 11 CASES, AND (III) GRANTING RELATED RELIEF**

Murray Metallurgical Coal Holdings, LLC ("Met Holdings") together with its debtor subsidiaries (collectively, the "Debtors") respectfully state as follows in support of this motion:[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Creditor Matrix") and (ii) redact certain personally identifiable information for the Debtors' employees, (b) approving the form

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Murray Metallurgical Coal Holdings, LLC (4633); Murray Eagle Mining, LLC (4268); Murray Alabama Minerals, LLC (4047); Murray Alabama Coal, LLC (3838); Murray Maple Eagle Coal, LLC (4435); and Murray Oak Grove Coal, LLC (4878).  The Debtors' primary business address is 46226 National Road, St. Clairsville, OH 43950.

[2] The facts and circumstances supporting this application are set forth in the *Declaration of Robert D. Moore in Support of Chapter 11 Petitions* (the "Moore Declaration") and *Declaration of Amy Lee, Senior Director of Alvarez & Marsal North America, LLC, in Support of First Day Motions* filed contemporaneously herewith and incorporated by reference herein (collectively, the "First Day Declarations").  Capitalized terms used but not otherwise defined herein have the meanings given to them in the First Day Declarations.

and manner of notifying creditors of the commencement of the chapter 11 cases and other information, and (c) granting related relief.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-3* from the United States Bankruptcy Court for the Southern District of Ohio, dated December 4, 2019 (the "General Order").  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1007, Rules 1007-2 and 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Ohio (the "Local Rules"), and the General Order.

## Background

5.     The Debtors are engaged in the mining and production of metallurgical coal. Unlike thermal coal, which is primarily used by the electric utility industry to generate electricity, metallurgical coal is used to produce coke, which is an integral component of steel production.

6.       The Debtors primarily own and operate two active coal mining complexes and other assets in Alabama and West Virginia.  The larger of the two mining complexes, the Oak Grove Mine ("Oak Grove"), is an underground longwall mine located in Alabama.  The other mining complex, known as the Maple Eagle No. 1 Mine ("Maple Eagle" and together with Oak Grove, the "Mining Complexes"), is an underground continuous mining and surface mining complex located in West Virginia.[3]  To preserve liquidity, the Maple Eagle mine has been in a "hot idle"[4] state since September.  The Oak Grove mine has been in a "hot idle" state since November.  The Debtors have been engaged in a marketing process to sell Maple Eagle for several months.

7.       Each of the Debtors is an unrestricted subsidiary of Murray Energy Corporation ("Murray Energy"), which, along with Javelin Investment Holdings LLC ("Javelin"), acquired the mines and other assets of the Debtors from Mission Coal Company, LLC ("Mission") in April 2019 (the "Met Acquisition").  At the time of the Met Acquisition, Mission was a debtor in its own chapter 11 cases pending in the United States Bankruptcy Court for the Northern District of Alabama.[5]

8.       In connection with the Met Acquisition, on April 29, 2019, Met Holdings entered into a credit agreement (the "Take-Back Credit Agreement"), which governs, among other things, a secured term credit facility (the "Take-Back Facility") among Met Holdings, as borrower, its subsidiaries (the "Met Subs"), as guarantors, Wilmington Savings Fund Society, FSB, as administrative agent, and any additional lenders from time to time party thereto.  The

---

[3] The Debtors own a third mine, known as the North River Mine, in Alabama, which is not currently being operated.

[4] A mine that is in a "hot idle" state means that it is being temporarily idled and maintained in anticipation of returning to operation in the near future.

[5] The Mission bankruptcy cases are still pending.

Take-Back Facility matures on April 29, 2023, and is secured by substantially all of the Debtors' assets.

9.      In addition, on April 29, 2019, Met Holdings entered into a Management Services Agreement (the "Management Services Agreement") with Murray Energy pursuant to which Murray Energy manages, administers, and oversees all aspects of the operation of the Mining Complexes, including without limitation, the day-to-day operation, maintenance, and business of the Mining Complexes.

10.      Approximately six months after the Met Acquisition, on October 29, 2019, Murray Energy and its affiliated debtors and debtors in possession (the "MEC Debtors") filed voluntary chapter 11 petitions in the Bankruptcy Court for the Southern District of Ohio (the "MEC Chapter 11 Cases").  The MEC Chapter 11 Cases are being jointly administered under Case No. 19-56885. Significantly, none of the Debtors are debtors in the MEC Chapter 11 Cases.

11.      There are a number of differences between these chapter 11 cases and the MEC Chapter 11 Cases, which warrant keeping them separated from the MEC Chapter 11 Cases, including: (i) none of the Debtors are borrowers or guarantors on the debtor in possession financing obligations in the MEC Chapter 11 Cases; (ii) the Debtors are primarily engaged in mining, extraction, and processing of metallurgical coal, whereas the MEC Debtors are primarily engaged in the mining, extraction, and processing of thermal coal, and each of these commodities is subject to different market pressures; (iii) the lenders to the Debtors under the Take-Back Facility are different from the lenders to the MEC Debtors; and (iv) as a result of the Take-Back Facility and other claims against the assets of the Debtors (including obligations to Javelin Global Commodities (UK) LTD ("Javelin Global")), there was perceived to be little to no

4

equity value in the Debtors that would flow up to the MEC Debtors, although there was a belief that the Debtors could survive as a going concern without the need for a chapter 11 filing.

12.     Commencing on February 11, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  Also, the Debtors have filed a Notice of Election of Complex Chapter 11 Cases.

13.     The Debtors commenced these chapter 11 cases after extensive negotiations with their major stakeholders concerning a global resolution to the Debtors' financial difficulties.  In an effort to ensure that value is maximized for all stakeholders and that the Debtors' remediation obligations are honored at each of their Mining Complexes, these chapter 11 cases have been commenced with a three-pronged strategy that has the support of the Take-Back Facility lenders, Javelin, Javelin Global, and Murray Energy.  First, the Debtors intend to facilitate the consensual sale of substantially all of the assets of Maple Eagle pursuant to Bankruptcy Code section 363.  Second, the Debtors intend to effectuate a reorganization of their remaining operations, which is premised on the continued and future operation of the Oak Grove mining complex, through a sale of Oak Grove pursuant to a plan.  And third, the Debtors intend to ensure that they can continue to comply with their reclamation obligations at the North River mining complex.  These three elements have been memorialized in a Restructuring Support Agreement among Met Holdings, Murray Energy, the Take-Back Facility lenders, and Javelin Global, all as more fully set forth in the Moore Declaration.

14.     As of the Petition Date, the Debtors have approximately $270 million in debt and liabilities, including but not limited to approximately $169 million related to the Take-Back Facility, approximately $21.5 million under an emergency bridge financing facility,[6] approximately $23.5 million owed to Javelin Global under certain of the Javelin Agreements, and approximately $12.7 million in intercompany liabilities owed to Murray Energy and other affiliates.  In addition, the Debtors have approximately $43 million in outstanding trade payables.

**<u>Basis for Relief</u>**

**I.    Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix and to File a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors.**

15.     Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the twenty largest unsecured claims against the debtor.  Permitting the Debtors to maintain the consolidated Creditor Matrix in electronic format only, in lieu of filing a mailing matrix, is warranted under the circumstances of these chapter 11 cases.  Further, because the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors.

16.     There are six (6) Debtors and many potential creditors and parties in interest (on a consolidated basis) in these chapter 11 cases.  Converting the Debtors' computerized information to a format compatible with the matrix requirements would greatly increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents.

---

[6] This facility is documented by amendments to the Take-Back Facility.

Moreover, many of the Debtors' creditors overlap and thus, to the extent that the Debtors are required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice.

17.     The Debtors therefore submit that permitting them to maintain a single consolidated list of creditors in lieu of filing a separate creditor matrix will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties in interest and reduce the potential for duplicate mailings.  Accordingly, the Debtors submit that the proposed maintenance of the electronic list of creditors by the Claims and Noticing Agent (as defined herein), rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs, and is consistent with applicable Local Rules.

18.     Concurrently with the filing of this motion, and in accordance with the General Order, the Debtors are seeking to retain Prime Clerk LLC as their claims and noticing agent (the "Claims and Noticing Agent").[7]  The Debtors, working together with the Claims and Noticing Agent before the Petition Date, have already begun to prepare a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make the Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of the Court.  The Debtors therefore submit that the preparation and maintenance of a

---

[7] The request to retain the Claims and Noticing Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate. *See* 28 U.S.C. § 156(c); *See also Debtors' Application for Appointment of Prime Clerk LLC as Claims and Noticing Agent*, filed contemporaneously herewith.  Pursuant to the General Order, a debtor in a complex case in this district is required to retain a claims and noticing agent.

single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

19.    Moreover, compiling separate top 20 creditor lists for each individual Debtor is not as efficient as the approach suggested here.  As noted above, the Debtors operate as a single business enterprise and have many overlapping creditors, including creditors on each of their top 20 lists.  Further, the Debtors believe a single, consolidated list of the Debtors' 30 largest unsecured, non-insider creditors will aid the United States Trustee for the Southern District of Ohio (the "U.S. Trustee") in its efforts to communicate with these creditors.  As such, the Debtors believe that filing a single consolidated list of the 30 largest unsecured creditors in these chapter 11 cases is appropriate.

20.    Courts in this jurisdiction and elsewhere within the Sixth Circuit have approved relief similar to the relief requested herein with respect to preparation of a consolidated, electronic list of a debtor's creditors.  *See, e.g.*, *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Oct. 31, 2019) (authorizing the debtors to file a consolidated list of creditors and to file a list of their 50 largest unsecured creditors); *In re Milacron Inc.*, No. 09-11235 (JVA) (Bankr. S.D. Ohio Mar. 12, 2009) (authorizing the debtors to file a consolidated list of creditors and to file a list of their 40 largest unsecured creditors); *see also In re Curae Health, Inc.*, No. 18-05665 (CMW) (Bankr. M.D. Tenn. Oct. 5, 2018) (authorizing the debtors to file a consolidated list of their 30 largest unsecured creditors); *In re FirstEnergy Solutions, Corp.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio Apr. 4, 2018) (authorizing the debtors to prepare a consolidated list of creditors in lieu of submitting a creditor matrix for each debtor and to file a list of their 50 largest general unsecured creditors); *In re Collins & Aikman Corp.*, No. 05-55927 (SWR) (Bankr. E.D. Mich. May 17, 2005) (same); *In re Blue Water Automotive*

*Sys., Inc.*, No. 08-43196 (MBM) (Bankr. E.D. Mich. Feb, 21, 2008) (authorizing the debtors to prepare a consolidated list of creditors in lieu of submitting a creditor matrix for each debtor and to file a list of their 30 largest unsecured creditors).[8]

## II.    Cause Exists to Redact Certain Confidential Information.

21.    Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

22.    The Debtors request that the Court authorize the Debtors to redact the addresses of the employees from the Creditor Matrix, the Schedules and Statements,[9] and any other documents filed in these chapter 11 cases.  Although transparency is important to the bankruptcy process, Congress recognized a counterbalancing interest in enacting section 107(c)(1):  the need to protect the identities and privacy of individuals.    The statutory language demonstrates Congress' desire for courts to have flexibility to protect individuals' identities. Section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" apart from "means of identification," and the definition of "means of identification" is itself a non-exhaustive list of personally identifiable information.  Although an individual's home address is not explicitly enumerated as a "means of identification," it is nevertheless within the broad scope of section 107(c)(1)(B).

---

[8]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these cited orders are available upon request to the Debtors' proposed counsel.

[9]  As defined in the *Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs, and Rule 2015.3 Reports, and (II) Granting Related Relief*, filed contemporaneously herewith.

23.    With approximately 529 employees, the Debtors cannot reasonably know with sufficient certainty whether a release of their personal information could potentially jeopardize their safety.  In these circumstances, the Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any documents filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix and Schedules and Statements, the home addresses of the Debtors' employees.  Such information could be used, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts.  This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[10]  The Debtors propose to provide an unredacted version of the Creditor Matrix and any other applicable filings to the Court, the U.S. Trustee, and counsel to any statutory committee appointed in these chapter 11 cases, which will ensure that certain parties receive fully unredacted information while balancing the Debtors' concerns about safeguarding their employees' safety and privacy.

24.    Similar relief has been granted in comparable chapter 11 cases.  *See, e.g.*, *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Oct. 31, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Deluxe Entm't Servs. Grp. Inc.*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019) (same); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (same); *In re EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Oct. 4, 2019) (authorizing the

---

[10] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the creditor matrix motion filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del.

debtors to redact address information of individual creditors listed on the creditor matrix); *In re Specialty Retail Shops Holding Corp.*, No. 19-80064 (TLS) (Bankr. D. Neb. Jan. 18, 2019) (same); *In re Mission Coal Company, LLC*, No. 18-04177 (TOM) (Bankr. N.D. Ala. Oct. 16, 2018) (authorizing the debtors to redact address information of individual creditors who are the debtors' employees and independent contractors).

25.     In view of the foregoing, and given that there is minimal, if any, benefit to the public of publishing the home addresses of the Debtors' employees in these chapter 11 cases, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code, the home addresses of the Debtors' employees listed on the Creditor Matrix, in the Schedules and Statements, or any other document filed with the Bankruptcy Court.

### III.    The Court Should Authorize the Claims and Noticing Agent to Mail Required Notice to Creditors.

26.     Bankruptcy Rule 2002(a)(1) provides that the Clerk (or other person directed by the Court) must give the debtor, the U.S. Trustee, all creditors, and any indenture trustee at least 21 days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rule 2002(f)(1) further provides that notice of "the order for relief" shall be sent by mail to all creditors.

27.     The Debtors propose that the Claims and Noticing Agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached as **Exhibit 1** to **Exhibit A** hereto. The Debtors believe that using the Claims and Noticing Agent to promptly provide notices to all

---

Jul. 11, 2019) [Docket No. 4].

applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, the Claims and Noticing Agent will assist the Debtors in preparing creditor lists and mailing initial notices, and therefore there are efficiencies in authorizing the Claims and Noticing Agent to mail the notice of commencement of these chapter 11 cases.  Accordingly, the Debtors respectfully submit that the Claims and Noticing Agent should undertake such mailings.

### Motion Practice

28.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion.  Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

### Notice

29.     The Debtors have provided notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the Southern District of Ohio; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Take-Back Facility; (d) Javelin Investment Holdings LLC; (e) counsel to the Ad Hoc Group of Prepetition Term Loan Lenders; (f) the administrative agent under the Debtors' proposed debtor-in-possession financing facility; (g) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors operate; (h) the offices of the attorneys general for the states in which the Debtors operate; (i) the United States Attorney's Office for the Southern District of Ohio; (j) the Internal Revenue Service; (k) the Pension Benefit Guaranty Corporation; (l) the United Mine Workers of America; (m) counsel to each of the lenders of the Debtors' proposed debtor-in-possession financing facility; (n) Murray Energy; (o) Javelin Global; (p) all taxing authorities; (q) all mechanic's lien claimants; (r) all lessors; and (s)

any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that,

in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

30.     No prior request for the relief sought in this motion has been made to this or any

other court.

*[Remainder of page intentionally left blank]*

WHEREFORE the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  February 12, 2020
Columbus, Ohio

/s/ Thomas R. Allen
_____

| | |
|---|---|
| Thomas R. Allen       (0017513) | David M. Hillman (*pro hac vice* pending) |
| Richard K. Stovall    (0029978) | Timothy Q. Karcher (*pro hac vice* pending) |
| James A. Coutinho    (0082430) | Chris Theodoridis (*pro hac vice* pending) |
| Matthew M. Zofchak (0096279) | |

**Allen Stovall Neuman Fisher & Ashton**

17 South High Street, Suite 1220
Columbus, Ohio 43215
Telephone:    (614) 221-8500
Facsimile:    (614) 221-5988
Email:        allen@asnfa.com
              stovall@asnfa.com
              coutinho@asnfa.com
              zofchak@asnfa.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**PROSKAUER ROSE LLP**

Eleven Times Square
New York, New York 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900
Email:        dhillman@proskauer.com
              tkarcher@proskauer.com
              ctheodoridis@proskauer.com

- and -

Charles A. Dale (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
One International Place
Boston, Massachusetts 02110
Telephone:    (617) 526-9600
Facsimile:    (617) 526-9899
Email:        cdale@proskauer.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MURRAY METALLURGICAL COAL | ) | Case No. 20-10390 (JEH) |
| HOLDINGS, LLC, *et al.*,[1] | ) | |
| | ) | Judge John E. Hoffman, Jr. |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR AND (B) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR THE DEBTORS' EMPLOYEES, (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER 11 CASES AND OTHER INFORMATION, AND (III) GRANTING RELATED RELIEF [RELATED TO DOCKET NO. ____]**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Murray Metallurgical Coal Holdings, LLC (4633); Murray Eagle Mining, LLC (4268); Murray Alabama Minerals, LLC (4047); Murray Alabama Coal, LLC (3838); Murray Maple Eagle Coal, LLC (4435); and Murray Oak Grove Coal, LLC (4878). The Debtors' primary business address is 46226

Debtors to (i) file a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Creditor Matrix"), and (ii) redact certain personally identifiable information for the Debtors' employees, (b) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-3* from the United States Bankruptcy Court for the Southern District of Ohio, dated December 4, 2019, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

National Road, St. Clairsville, OH 43950.

2

2.      The Debtors are authorized to file a consolidated list of the 30 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors, *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3.      In lieu of submitting a formatted mailing matrix, the Debtors, with the assistance of the Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Claims and Noticing Agent), shall make available a single consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4.      The Debtors are authorized to redact personally identifiable information, including home address information, regarding the Debtors' employees listed on the Creditor Matrix (to the extent applicable), Schedules and Statements, or similar documents filed with the Court.  The Debtors shall provide an unredacted version of the Creditor Matrix (to the extent applicable), Schedules and Statements, and any other applicable filed document to the Court, the U.S. Trustee, and counsel to any statutory committee appointed in these chapter 11 cases.

5.      The Debtors are authorized to serve the notice of commencement, substantially in the form attached hereto as **Exhibit 1** (the "Notice of Commencement"), on the Creditor Matrix.

6.      The Debtors, with the assistance of the Claims and Noticing Agent (upon the Court's approval of the Claims and Noticing Agent), are authorized to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement, and any other correspondence the Debtors may wish to send creditors.

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

3

7.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

8.       The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.       The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.       This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

Copies to Default List.

## **Exhibit 1**

**Proposed Notice of Commencement**

<table>
<tr><td><strong>Information to identify the case:</strong></td><td>EIN: 83-4194633</td></tr>
</table>

**Information to identify the case:**

<u>Debtors:</u> **Murray Metallurgical Coal Holdings, LLC,** *et al.*

EIN: 83-4194633

Date case filed in chapter 11: February 11, 2020

United States Bankruptcy Court  **Southern District of Ohio**

Case number: 20-10390 (JEH)

---

## Official Form 309F (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                                                12/17

● **For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**1. Full Name of Each Debtor:**

Jointly Administered Cases

| DEBTOR | CASE NO. | EIN # |
|---|---|---|
| Murray Metallurgical Coal Holdings, LLC | 20-10390 | 83-4194633 |
| Murray Eagle Mining, LLC | 20-10391 | 83-4194268 |
| Murray Alabama Minerals, LLC | 20-10392 | 83-4194047 |
| Murray Alabama Coal, LLC | 20-10393 | 83-4193838 |
| Murray Maple Eagle Coal, LLC | 20-10394 | 83-4194435 |
| Murray Oak Grove Coal, LLC | 20-10395 | 83-4194878 |

**2. Address:**

46226 National Road, St. Clairsville, Ohio 43950

**3. Debtors' Proposed Counsel**

Thomas R. Allen        (0017513)
Richard K. Stovall     (0029978)
James A. Coutinho      (0082430)
Matthew M. Zofchak     (0096279)
Allen Stovall Neuman Fisher & Ashton
17 South High Street, Suite 1220
Columbus, Ohio 43215
Telephone: (614) 221-8500
Facsimile: (614) 221-5988
Email:     allen@asnfa.com
           stovall@asnfa.com
           coutinho@asnfa.com
           zofchak@asnfa.com

David M. Hillman (*pro hac vice* pending)
Timothy Q. Karcher (*pro hac vice* pending)
Chris Theodoridis (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900
Email:      dhillman@proskauer.com
            tkarcher@proskauer.com
            ctheodoridis@proskauer.com

- and -
Charles A. Dale (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
One International Place
Boston, Massachusetts 02110
Telephone: 617-526-9600

Facsimile:   (617) 526-9899
Email:       cdale@proskauer.com

**Debtors' Notice and Claims Agent**
    Prime Clerk LLC
    Telephone: (877) 427-7610 (toll free)
    Telephone: (917) 962-8958 (International)
    Email: MurrayMetInfo@PrimeClerk.com
    If you have questions about this notice, please contact Prime Clerk

## 4.   Bankruptcy Clerk's office

Documents in these cases may be filed at this address

**170 North High Street
Columbus, Ohio 43251**

**Hours open: Monday – Friday
9:00 AM (ET) – 4:00 PM (ET)
Contact phone: (614) 469-6638**

You may inspect all records filed in these cases at this office or online at either www.pacer.gov or https://cases.primeclerk.com/MurrayMET

## 5.   Meeting of creditors

The debtors' representative must attend the meeting to be questioned under oath.

**[_____], 2020, at [_____[ (ET)**

**Location:**

Creditors may attend, but are not required to do so.

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

## 6.   Proof of claim deadline

**Deadline for filing proof of claim: Not yet set. If a deadline is set, notice will be sent at a later time.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be filed either electronically or as a paper document. For more information on how to file a Proof of Claim, visit the Ohio Bankruptcy Court's website at: http://www.ohsb.uscourts.gov/claims−information, Prime Clerk's website at https://cases.primeclerk.com/MurrayMET, or any bankruptcy clerk's office. Your claim will be allowed in the amount scheduled unless:

- Your claim is designated as *disputed, contingent*, or *unliquidated*;
- You file a proof of claim in a different amount; or
- You receive another notice.

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov or https://cases.primeclerk.com/MurrayMET.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

## 7.   Exception to discharge deadline

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.

**Deadline for filing the complaint: To Be Determined**

## 8.   Creditors with a foreign address

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in these cases.

## 9.   Filing a Chapter 11 bankruptcy case

Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtors will remain in possession of their property and may continue to operate their business.

## 10.   Discharge of debts

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtors except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.

**If you have questions about this notice,
Please call (877) 427-7610 (toll free) or
(917) 962-8958 (international), email
MurrayMETInfo@PrimeClerk.com, or visit
https://cases.primeclerk.com/MurrayMET.**